Matter of Bulkley v Bulkley
2026 NY Slip Op 04088
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF MARISSA BULKLEY, PETITIONER-RESPONDENT-RESPONDENT,
v
ELLEN BULKLEY, RESPONDENT-PETITIONER-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
415 CAF 24-02008
Present: Lindley, J.P., Curran, Ogden, Nowak, And Delconte, JJ.

CARA A. WALDMAN, FAIRPORT, FOR RESPONDENT-PETITIONER-APPELLANT.
LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR PETITIONER-RESPONDENT-RESPONDENT.
MAUREEN N. POLEN, ROCHESTER, ATTORNEY FOR THE CHILDREN.

Appeal from an order of the Family Court, Steuben County (Chauncey J. Watches, J.), entered December 10, 2024, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, continued joint custody and shared physical residency with respect to the subject children.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner-respondent and respondent-petitioner (respondent) are the parents of three children. Respondent appeals from an order that, inter alia, continued the parties' joint custody arrangement whereby they share joint physical residency of the children.
Preliminarily, we note that the parties do not dispute that there has been a change in circumstances sufficient to warrant an inquiry into whether a modification of their prior stipulated custody order is in the children's best interests, inasmuch as the parties filed competing petitions alleging such a change in circumstances (see Matter of Hernandez v McGowan, 246 AD3d 1482, 1483 [4th Dept 2026]; see generally Matter of Cooley v Roloson, 201 AD3d 1299, 1299-1300 [4th Dept 2022]).
With respect to the merits, we conclude that Family Court's determination is supported by a sound and substantial basis in the record. "The court's determination in a custody matter is entitled to great deference and will not be disturbed where . . . it is based on a careful weighing of appropriate factors . . . Those factors include: (1) the continuity and stability of the existing custodial arrangement, including the relative fitness of the parents and the length of time the present custodial arrangement has continued; (2) the relative quality of each parent's home environment; (3) each parent's ability to provide for the child[ren]'s emotional and intellectual development; (4) the parents' relative financial status and ability to provide for the child[ren]; (5) the child[ren]'s wishes; and (6) the need of the child[ren] to live with siblings" (Matter of Krier v Krier, 178 AD3d 1372, 1373 [4th Dept 2019] [internal quotation marks omitted]; see Matter of Torres v Pfeiffer, 235 AD3d 1261, 1262 [4th Dept 2025]).
Here, while neither parent is perfect, both love the children and provide a safe home for them, and the attorney for the children supports the custodial arrangement ordered by the court. Moreover, neither parent presents a threat to the children, all of whom enjoy spending time with both parents and benefit in different ways from the time spent with them. Inasmuch as we generally defer to custody determinations made by courts following evidentiary hearings (see Matter of Werner v Kenney, — AD3d —, —, 2026 NY Slip Op 02754, *2 [4th Dept 2026]), we [*2]perceive no basis to disturb the order in this case.
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court